## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALEXIS BEEMAN,**
**Personal Representative Of**
**The Estate of James Beeman,**

      **Plaintiff,**

**v.**                                      **Case No. 8:21-cv-233-AAS**

**F/V JUMA, and**
**EDWARD MACCINI,**

      **Defendants.**

_____/

## <u>ORDER</u>

Plaintiff Alexis Beeman, as personal representative of the estate of James Beeman, moves for partial summary judgment on the claim of maintenance and cure. (Docs. 31, 32). Defendant Edward Maccini opposes Ms. Beeman's motion for partial summary judgment. (Doc. 33). Ms. Beeman replied to Mr. Maccini's opposition. (Doc. 37).

## I.    BACKGROUND

James Beeman sued F/V JUMA and Mr. Maccini for alleged personal injuries based on the Jones Act, unseaworthiness, and maintenance and cure.[1]

---

[1] Ms. Beeman was substituted as the plaintiff in this action after Mr. Beeman's passing. (Doc. 19).

(Doc. 8). The incident giving rise to these personal injury claims was the sinking of F/V JUMA. (*Id.*). Mr. Maccini responded to Ms. Beeman's second amended complaint and raised nine affirmative defenses. (Doc. 14).

Ms. Beeman now requests the court grant partial summary judgment on maintenance and cure and order payments from the date of the incident, March 15, 2018, until Mr. Beeman's death, March 19, 2021. (Docs. 31, 32, 37). Mr. Maccini opposes the motion. (Doc. 33).

## II.   STANDARD

Summary judgment should be granted only if "there is no genuine issue as to any material fact and [ ] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party requesting summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The party requesting summary judgment always bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the nonmoving party fails to make "a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992).

## III.   ANALYSIS

"Maintenance and cure is the obligation imposed on a shipowner, which results from the contract between the seaman and the shipowner or vessel, to pay a seaman, who is ill or injured while in the service of the ship, 'wages to the end of the voyage and subsistence, lodging and care to the point where the maximum cure attainable has been reached.'" *Bloom v. Weeks Marine, Inc.*, 225 F. Supp. 2d 1334, 1335 (M.D. Fla. 2002), quoting 2 Martin J. Norris, The Law of Seamen § 26:2 (4th ed. 1985). Claims for maintenance and cure are construed expansively, with any ambiguities and doubts resolved for the seaman. *Flores v. Carnival Cruise Lines*, 47 F.3d 1120, 1123 (11th Cir. 1995).

To recover for maintenance and cure, a plaintiff must prove that: (1) he worked as a seaman; (2) he became ill or injured while in the vessel's service; and (3) he lost wages or incurred expenditures relating to the treatment of the illness or injury. *West v. Midland Enterprises, Inc.*, 227 F.3d 613, 616 (6th Cir. 2000) (citing *Freeman v. Thunder Bay Transp. Co.*, 735 F. Supp. 680, 681 (M.D. La. 1990)).

While a seamen is afforded a broad right to receive maintenance and cure, that right is not absolute. There is no duty to provide maintenance and cure for an injury that results from a seaman's own willful misconduct. *See Garay v. Carnival Cruise Line, Inc.*, 904 F.2d 1527, 1530 (11th Cir. 1990). There is also no duty to provide maintenance and cure if the plaintiff willfully concealed a pre-existing medical condition from the employer. *See Jauch v. Nautical Services, Inc.*, 470 F.3d 207, 212 (5th Cir. 2006).

Generally, a suit for maintenance and cure presents questions of fact. As such, it should not be disposed of by summary judgment nor should payment be decreed on motion. *See Norris*, supra § 26:21. However, if there is no dispute of material fact, then the claim may be disposed of by summary judgment. *See Grazette v. Magical Cruise Company Ltd.*, 280 So .3d 1120, 1124 (5th DCA Fla. 2019).

4

In support of partial summary judgment, Ms. Beeman submitted a statement of undisputed facts. (Doc. 32-3). In response, Mr. Massini provided his declaration and responded to Ms. Beeman's alleged statement of undisputed facts by denying that Mr. Beeman was injured because of the sinking of the F/V JUMA. (*See* Doc. 33-2, p. 2). In addition, Mr. Maccini denied Ms. Beeman's maintenance and cure claim in his answer to the second amended complaint. (*See* Doc. 14, pp. 9-11). Further, Mr. Maccini raised nine affirmative defenses, including that Mr. Beeman's injuries were caused or contributed to by the neglect of Mr. Beeman. (*Id*. at pp. 11-14). On this current record, a genuine issue of material fact precludes summary judgment. (*Id*.). Thus, a summary ruling on maintenance and cure is premature.

## IV.   CONCLUSION

Ms. Beeman's motion for partial summary judgment on the claim of maintenance and cure (Doc. 31) is **DENIED**.

**ORDERED** in Tampa, Florida on May 18, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge